# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

WINFRED FORKNER, # K5766                                           PETITIONER

VERSUS                                  CIVIL ACTION NO. 5:05cv162-DCB-MTP

CLIFTON KAHO, Warden, and
JIM HOOD, Attorney General                                         DEFENDANTS

## ORDER

This cause is before the Court on Petitioner's Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [**docket entry no. 48**]. Petitioner argues that an intervening change in Mississippi law warrants the Court's reconsideration of his earlier-rejected habeas claim. This argument fails to challenge a defect in the integrity of the habeas proceedings, and therefore Petitioner's Rule 60(b) motion is in reality a habeas corpus application. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005)(citing 28 U.S.C. § 2244(b)); see also Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002). The application is successive because it attacks his validity of his conviction and sentence, which the Court addressed in his previous habeas claim. Before the Court can consider a successive habeas petition based on a new rule of law,[1] it must receive authorization from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); see also Gonzalez, 545 U.S. at 531-32. **IT IS THEREFORE HEREBY ORDERED THAT** Petitioner's Motion

---

[1] Because the Court lacks the requisite authority, see Dunlap, 301 F.3d at 876, it makes no determination as to whether the purported change in law highlighted by Petitioner qualifies his application for reconsideration under 28 U.S.C. § 2244(b)(2)(A).

Pursuant to Rule 60(b)(6) [**docket entry no. 48**] is **DISMISSED**.

Furthermore, because the Court considers Petitioner's Rule 60(b) Motion a successive habeas petition, it is required to determine whether a certificate of appealability ("COA") should issue. See Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) ("28 U.S.C. § 2253 provides that a COA is required to appeal 'the final order in a habeas corpus proceeding.'"). A district court grants a COA if reasonable jurists would "debat[e] whether the petition states a valid claim of the denial of a constitutional right" or "debat[e] whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). There can be no debate that Petitioner's Motion is properly construed as a successive habeas corpus petition. **IT IS THEREFORE HEREBY ORDERED THAT** a certificate of appealability is **DENIED**.

Finally, Petitioner has filed a Motion for Leave to Proceed In Forma Pauperis [**docket entry no. 50**]. Because Petitioner has not incurred costs by filing the present Motion, **IT IS HEREBY ORDERED THAT** Petitioner's Motion for Leave to Proceed IFP is **DENIED AS MOOT. SO ORDERED,** this the 29th day of October, 2012.

                                               /s/ David Bramlette
                                **UNITED STATES DISTRICT JUDGE**